OSBORNE *v.* STATE.

5068                                         371 S. W. 2. 518

Opinion delivered October 7, 1963.

*Elton A. Rieves, III,* for appellant.

*Bruce Bennett,* Attorney General, by *Leslie Evitts,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant was found guilty of forgery and uttering and was sentenced by the jury to ten years imprisonment upon each of the two counts. The court directed that the sentences be served consecutively.

There is no real issue about the sufficiency of the evidence. It was shown that the accused had used a forged check, purportedly drawn by a Louisiana lumber company, to buy clothing and liquor at a place of business in West Memphis. After Osborne left the store the proprietor became suspicious and succeeded in having Osborne arrested within an hour. Osborne confessed not only to this offense but also to a number of other forgeries committed in neighboring states.

That portion of the confession relating to the other offenses was objected to, but it was admissible. In a charge of forgery and uttering the State has the burden of proving guilty knowledge on the part of the accused, for it is not an offense for a person to pass a forged check in the belief that it is genuine. Upon the issue of guilty knowledge the fact that the defendant has uttered other forged checks is directly relevant. It tends to show that he knew the particular instrument in question to have been forged, since it is unlikely that an innocent person would come into possession of a number of bogus checks. *Wilson* v. *State,* 184 Ark. 119, 41 S. W. 2d 764. Hence proof of the other forgeries was competent, and it makes no difference that the evidence was in the form of a confession rather than of testimony by third persons.

The State was allowed to show that on the day of the offense in question Osborne also passed a similar check in another West Memphis store, purchasing a pistol and making a down payment upon a shotgun. Counsel properly and candidly admits that such proof of a similar transaction was admissible, but it is argued that the jury may have been inflamed by the fact that Osborne used the check in the purchase of lethal weapons. This argument is without merit. The State, in

showing a similar offense, was entitled to prove that the accused had received value for the forged instrument. That value happened to be in the form of firearms, but the record does not indicate that the witness referred to the weapons in other than a matter-of-fact way. Firearms are for sale throughout the state, for use in hunting, trapshooting, and other lawful pursuits. The State was properly permitted to prove all the details of what was actually a fairly commonplace transaction.

Counsel vigorously maintains that the punishment is so severe that it should be reduced by this court. It is true that in a number of the older cases, including one as recent as *Carson* v. *State,* 206 Ark. 80, 173 S. W. 2d 122, we have assumed the power to mitigate the punishment imposed by the trial courts. The right to exercise clemency is, however, vested not in the courts but in the chief executive. Ark. Const., Art. 6, § 18. Our latest cases have uniformly followed the rule, which we think to be sound, that the sentence is to be fixed by the jury rather than by this court. If the testimony supports the conviction for the offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it even though we may think it to be unduly harsh. *Miller* v. *State,* 230 Ark. 352, 322 S. W. 2d 685; *McCall* v. *State,* 230 Ark. 425, 323 S. W. 2d 421.

It is contended that one of the court's instructions was not as specific as it might have been. We need not examine this contention in detail, for the only supporting assignment of error in the motion for a new trial is a blanket assertion that the jury were misinstructed. This was an assignment in gross, specifying no particular instruction as being incorrect. Inasmuch as a number of the instructions were unquestionably correct the assignment was insufficient to present any question for review. *Black* v. *Hogsett,* 145 Ark. 178, 224 S. W. 439; *Armstrong* v. *State,* 171 Ark. 1136, 287 S. W. 590.

Affirmed.

(Supplemental opinion on rehearing delivered Nov. 4, 1963, p. 170.)