Sammy PARKER, Jr. *v.* STATE of Arkansas

CR 90-56                                                790 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered June 25, 1990

*Will Stocks*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of selling crack cocaine and sentenced to thirty-five (35) years in prison. There is no merit in either of his points of appeal and, accordingly, we affirm the judgment of conviction.

A confidential informant, who had known appellant since childhood, introduced an undercover officer to appellant. The informant told appellant that the undercover officer was a relative from out-of-state who was visiting in Magnolia and wanted to buy some drugs. Appellant, an admitted drug user, said he did not have any drugs, but knew where to get some. He drove the informant and the officer to the residence of another acquaintance. While still in the car the officer gave appellant either $20.00 or $30.00. The appellant then took the money into the residence and came out with a "rock" of cocaine. He gave it to the undercover officer. The officer gave him a piece of the rock and he smoked it.

Appellant had a prior conviction for selling marijuana and was charged as a second offender of the controlled substance statute. *See* Ark. Code Ann. § 5-64-408 (1987).

Appellant first argues that he was prejudiced by an erroneous jury instruction. The facts giving rise to the argument occurred in the following way. Appellant was charged with the violation of schedule II of the controlled substance act. Ark. Code

Ann. § 5-64-401 (1987). The penalty for violation of that act is imprisonment "for not less than ten (10) years nor more than forty (40) years, or life," and a fine. That penalty provision is modified, however, for a second or subsequent conviction. Ark. Code Ann. § 5-64-408 (1987) provides that upon second conviction the defendant "shall be imprisoned for a term up to twice the term otherwise authorized, . . . ." The trial court, without objection, instructed the jury, and gave it a verdict form, which authorized a sentence ranging from twenty (20) to eighty (80) years. After the jury had gone to the jury room to begin deliberating, the appellant's attorney decided that the penalty enhancement statute only modified the maximum and not the minimum amount of time to be served. He requested that the verdict form be modified to authorize a sentence ranging from ten (10) to eighty (80) years, instead of twenty (20) to eighty (80) years. The trial court granted the request, and the verdict form was modified. Ultimately, the jury returned a verdict of thirty-five (35) years.

Appellant's argument that the trial court committed reversible error is without merit for a number of reasons. First, there was no objection to the instruction or the verdict form either before or at the time they were given. We have consistently held that objections must be made either before or at the time jury instructions are given. *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983). Second, the trial court granted the relief requested by appellant, and one cannot complain about a favorable ruling. Third, even if there had been error, appellant suffered no possible prejudice because his sentence of thirty-five (35) years was greater than the originally instructed minimum, twenty (20) years.

Next, appellant admits he was "technically" guilty of the charge, but, even so, argues that the trial court erred in refusing to grant a directed verdict. The trial court did not err. There was substantial evidence to show that appellant transferred, or handed over, rock cocaine, a controlled substance, to the undercover officer in exchange for $20.00 or $30.00 cash. Ark. Code Ann. § 5-64-101(f) (1987) defines "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance or counterfeit substance in exchange for money, or anything of value, whether or not there is

an agency relationship." The fact that an accused is the agent of a buyer or seller of drugs does not remove the transfer from the coverage of the statute. *Parker* v. *State*, 265 Ark. 315, 325, 578 S.W.2d 206, 212 (1979). The trial court did not err in denying the motion for a directed verdict.

Appellant also argues that the sentence is too harsh for the crime, and asks us, under equitable powers, to reduce it. We decline to do so. In the past this court did reduce sentences. *Carson* v. *State*, 206 Ark. 80, 173 S.W.2d 122 (1943). We later decided that such an action was wrong because it violated the separation of powers doctrine. *Osborne* v. *State*, 237 Ark. 5, 371 S.W.2d 518 (1963). There we decided that the power to exercise clemency is vested, not in the courts, but in the chief executive. Since then we have uniformly held that the sentence is to be fixed by the jury and not by this court. If the testimony supports the conviction for the offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it even though we think it unduly harsh. *Id.* at 7, 371 S.W.2d at 520.

Affirmed.