Marsha Gail BAKER *v.* STATE of Arkansas

CR 94-779                     884 S.W.2d 603

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*John Wesley Hall, Jr.,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

TOM GLAZE, Justice. Marsha Gail Baker was convicted by a jury of promoting obscene materials, and the jury fixed punishment at six months probation. After the jury was excused, Baker requested the trial judge to sentence her as a first offender under Act 346 of 1975 [Ark. Code Ann. § 16-93-303 (1987)]. That Act permits an accused who is not a prior felon to plead guilty or *nolo contendere*, receive a probation and later have his or her case dismissed and record expunged, if the defendant fulfills the terms and conditions of probation. Based upon her notion that Arkansas law did not provide similar expunction relief for defendants exercising their right to jury trial, Baker urged that, to deny her relief under Act 346, encouraged guilty pleas and violated her rights under the Sixth and Fourteenth Amendments. The trial judge rejected Baker's arguments, and we do likewise on appeal.

■ First, we point out that, under Ark. Code Ann. § 5-4-301(d) (Repl. 1993), the trial court enters a conviction judgment only if it (1) sentences the defendant to pay a fine *and* suspends imposition of sentence or places the defendant on probation or (2) sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment. Thus, where a conviction is not entered by the court at the time of suspension or probation and the defendant complies with his or her conditions of suspension or probation, the court shall discharge the defendant and dismiss all proceedings against him. *See* Ark. Code Ann. § 5-4-311 (Repl. 1993).

■ Here, Baker received only probation — no fine or prison term. That being so, no conviction judgment should have been entered, thus entitling her later to be discharged and have all proceedings dismissed against her, if she complied with the conditions of her probation. Baker, however, failed to object to the entry of her judgment of conviction, and in so failing, lost that relief to which she was entitled under § 5-4-311. In sum, Baker's inability to have her case dismissed stems from her own inactions and is not due to Arkansas law or its disparate treatment of a defendant pleading guilty rather than exercising his right to a jury trial.

Even if the relief sought by Baker had not been available to her under §§ 5-4-301(d) and 5-4-311, her constitutional arguments would fail. Baker relies on *United States* v. *Jackson*, 390 U.S. 570 (1968), where the Supreme Court held unconstitutional a federal kidnapping statute which provided that only defendants who went to trial could be sentenced to death; those who were tried by the court or plead guilty could not get death. The Supreme Court reasoned, "[F]or the evil in the federal statute is not that it necessarily coerces guilty pleas and jury waivers but simply that it needlessly encourages them." *Id.* at 583.

In *Ruiz & Denton* v. *State*, 275 Ark. 410, 630 S.W.2d 44 (1982), this court noted that the *Jackson* decision has been eroded. For instance, in *Corbitt* v. *New Jersey*, 439 U.S. 212 (1978), the Supreme Court stated the following:

> The cases in this court since *Jackson* have clearly established that not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid. There is no *per se* rule against encouraging guilty pleas. The Supreme Court has squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea.

For the reasons above, we uphold the trial court's decision rejecting Baker's argument and therefore affirm.