Alge Ray WILLIAMS v. STATE of Arkansas

CR 95-25                                    898 S.W.2d 38

Supreme Court of Arkansas
Opinion delivered May 15, 1995

*Janet L. Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., and *Savannah Dyer*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b), for appellee.

ROBERT L. BROWN, Justice. Appellant Alge Ray Williams contests his 75-year sentence for selling one rock of crack cocaine on grounds of excessiveness. His appeal is without merit, and we affirm.

On December 14, 1993, informant Teresa Lavette Mitchell, accompanied by informant Deborah Box and undercover police officer Maria Bell, drove in one car to the parking lot across the street from the Chat-N-Chew eating establishment in Camden. They all wore body microphones. In the parking lot, Mitchell bought one rock of crack cocaine from Williams for $20. Williams carried the crack cocaine in a plastic film canister. The transaction was recorded on the body microphones of the women as well as by a video camera in the car.

The jury found Williams guilty of delivery of a controlled substance. During the penalty phase of the trial, the State introduced evidence that Williams had seven prior felony convictions: (1) burglary; (2) theft of over $100; (3) breaking and entering and theft of property; (4) escape in the second degree; (5) rape, burglary, and battery in the second degree; (6) escape in the second degree; and (7) possession of a controlled substance with intent to deliver. Williams did not contest the existence of the seven prior convictions. The jury returned a verdict of 75 years. Following the verdict, this colloquy occurred:

> THE COURT: Do you know of any legal reason why sentence should not be pronounced at this time?
>
> WILLIAMS: I don't know —
>
> DEFENSE COUNSEL: Tell him whatever you want.
>
> THE COURT: Do you know of any legal reason why sentence should not be pronounced at this time?
>
> WILLIAMS: Excuse me.
>
> DEFENSE COUNSEL: You can say whatever you

want. That's what I'm telling you. If you want to say something to the Judge, then say it.

WILLIAMS: At this moment, no, sir.

The trial court then sentenced Williams to 75 years.

Williams's one issue on appeal is that a 75-year sentence for selling one rock of crack cocaine was the result of passion and prejudice on the part of the jury and wholly disproportionate to the crime. He urges that we modify the sentence downward and cites *Collins* v. *State*, 261 Ark. 195, 548 S.W.2d 106 (1977), as authority for doing so.

■■ This court has previously decided that the power to exercise clemency and reduce sentences is vested in the chief executive of this State and not in the courts. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990); *Osborne* v. *State*, 237 Ark. 5, 371 S.W.2d 518 (1963). If the sentence fixed by the trial court is within the limits set by the legislature, we are not at liberty to reduce it even though we might think it unduly harsh. *Id.* The exception to this rule is in death penalty cases. *See Nichols* v. *State*, 306 Ark. 417, 815 S.W.2d 382 (1991); *Andrews* v. *State*, 283 Ark. 297, 675 S.W.2d 636 (1984). We have further carved out extremely narrow exceptions to the general rule where the punishment resulted from passion or prejudice, or was a clear abuse of the jury's discretion, or was barbarous and unknown to the law, or was so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *See Parker* v. *State*, 290 Ark. 94, 717 S.W.2d 197 (1986); *Stout* v. *State*, 263 Ark. 355, 565 S.W.2d 23 (1978); *Collins* v. *State, supra.*

■ Be that as it may, we refrain from deciding this case on the merits. Williams, based on the quoted colloquy, clearly voiced no objection to the 75-year sentence at trial. Moreover, he did not file a post-trial motion raising the issue but did so for the first time on appeal. We have steadfastly refused to review issues which were not preserved at trial. *Baker* v. *State*, 318 Ark. 223, 884 S.W.2d 603 (1994); *Henry* v. *Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992).

Affirmed.