

Cite as 2017 Ark. 13

# SUPREME COURT OF ARKANSAS

**No.** CR–14–990

| | | |
|---|---|---|
| EDWARD LOCKHART | | **Opinion Delivered:** January 26, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR–13–703] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GRISHAM PHILLIPS, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Edward Lockhart was convicted of driving while intoxicated, his sixth conviction for this offense, and failure to submit to a chemical test. He now asserts a plethora of arguments in this appeal, challenging the sufficiency of the evidence, the initial traffic stop, the validity of the criminal information, and various sentencing issues. We accepted certification of this case from the Arkansas Court of Appeals under Arkansas Supreme Court Rule 1-2(d). We affirm on all grounds Lockhart asserts for reversal.

## I.    *Facts*

This appeal comes from Edward Lockhart's convictions for driving while intoxicated and for failing to submit to a chemical test. A jury sentenced him to twenty years in prison. The relevant facts, which were adduced at trial, are as follows. In the early morning in November 2013, Officer Troy White observed a car driving ten miles under the speed limit on Highway 5 in Bryant. Officer White testified that, after following the car for some time,

he saw the car weaving and crossing the centerline a number of times. Officer White then turned on his patrol car's blue lights and pulled the car over.

Edward Lockhart was the car's driver. Officer White approached the car and smelled a strong odor of alcohol. Lockhart asked if he could step out of the car, and Officer White agreed. After Lockhart exited his car, Officer White saw "a little stagger to his walk." At one point, Lockhart asked where he was stopped. Officer White answered that he was in Bryant. Lockhart said he lived just up the road in Bryant, but Officer White later determined that Lockhart actually lived on 24th Street in Little Rock, at least a twenty-five-minute drive away.

Officer White also performed three field-sobriety tests. The first test, the horizontal gaze nystagmus, yielded no conclusion. The second test, the one-leg stand, Lockhart barely completed, and this test, too, yielded no conclusion. Lockhart indicated that he could not complete this test due to a military-related injury. The final test, the field breathalyzer, yielded no conclusion because Lockhart refused to submit. Based on all the foregoing, Officer White arrested Lockhart and took him to the station.

At the station, Officer White again attempted to have Lockhart complete a breathalyzer test. Before attempting this, Officer White read Lockhart a statement-of-rights form regarding the driving-while-intoxicated laws. Officer White asked Lockhart if he understood these rights and whether he would consent to the test. Lockhart said that he did not understand and would not take the test. Lockhart also asked to speak with his attorney. Officer White refused, telling Lockhart that he had no right to an attorney before taking the machine-breathalyzer test. Lockhart ultimately refused to take this test as well.

SLIP OPINION

II.     *Discussion*

A.     Sufficiency of evidence

Lockhart's first argument on appeal is that substantial evidence does not support either conviction. First, he asserts that no evidence was ever admitted to show that his motor skills were impaired. Second, he argues that his failure to submit conviction should have been dismissed because the police officer never informed him that he had no right to counsel when deciding to take the machine-breathalyzer test. These arguments lack merit.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Jeffries v. State*, 2014 Ark. 239, 434 S.W.3d 889. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*. It is well settled that it is the province of the fact-finder to determine the weight of evidence and the credibility of witnesses. *Johnson v. State*, 337 Ark. 196, 987 S.W.2d 694 (1999).

The law in effect at the time provided that "[i]t is unlawful and punishable as provided in this chapter for a person who is intoxicated to operate or be in actual physical control of a motorboat on the waters of this state or a motor vehicle." Ark. Code Ann. § 5-65-103(a)(1) (Supp. 2013). Intoxicated is defined by statute as follows:

> [I]nfluenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself or herself or another person;

Ark. Code Ann. § 5-65-102(2) (Repl. 2005). We have recognized that refusal to submit to a chemical test can be properly admitted as circumstantial evidence showing a knowledge or consciousness of guilt, and that such evidence possesses independent relevance bearing on the issue of intoxication. *Medlock v. State*, 332 Ark. 106, 109, 964 S.W.2d 196, 198 (1998). In addition, the observations of police officers regarding the smell of alcohol constitutes competent evidence on the issue of intoxication. *See Johnson v. State*, 337 Ark. 196, 202, 987 S.W.2d 694, 698 (1999). Further, opinion testimony regarding intoxication is admissible. *Mace v. State*, 328 Ark. 536, 540, 944 S.W.2d 830, 833 (1997).

Viewing the evidence in the light most favorable to the State, we hold that the evidence was sufficient to support the jury's verdict. Lockhart here manifestly failed to submit to testing twice. This reveals a consciousness of guilt on his part and is independently relevant to prove he was intoxicated. In addition, Officer White testified that after he pulled Lockhart over, Lockhart emitted a strong odor of alcohol and had a stagger to his walk. Lockhart also appeared to be confused about his location and where he actually lived. We therefore affirm Lockhart's conviction for driving while intoxicated because the officer's observations, coupled with Lockhart's refusal to submit to testing and apparent confusion, amount to substantial evidence.

Lockhart also challenges the sufficiency of the evidence regarding his refusal to submit to a chemical test under Ark. Code Ann. § 5-65-205(a) (Supp. 2013). He points out that he asked for an attorney at the police station when Officer White read him his statement of rights form regarding the driving-while-intoxicated laws. He maintains, in addition, that Officer White should have told him that he, Lockhart, had no right to an attorney at this

stage. For support, he directs us to precedent that states "[A]n accused does not have the right to contact an attorney before taking, or refusing to take, the test." *Wright v. State*, 288 Ark. 209, 212, 703 S.W.2d 850, 852 (1986). Lockhart maintains that this non–right should be explained to a person before the test is administered. However, this explanation happened in this case. Officer White told Lockhart that "you do not have the right to an attorney before this test." We therefore affirm the conviction for refusal to submit.

### B. Motion to suppress

Lockhart next challenges the traffic stop.[1] He argues that Officer White never obtained probable cause to pull him over before he activated his blue lights. In order for a police officer to make a traffic stop, he must have probable cause to believe that the vehicle has violated a traffic law. *Sims v. State*, 356 Ark. 507, 512, 157 S.W.3d 530, 533 (2004). Probable cause is defined as facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Id*. In assessing the existence of probable cause, our review is liberal rather than strict. *Laime v. State*, 347 Ark. 142, 153, 60 S.W.3d 464, 472 (2001). Whether a police officer has probable cause to make a traffic stop does not depend

---

[1] Citing *McCulley v. State*, 2014 Ark. App. 330, the State argues that the suppression issue is not preserved because Lockhart failed to make a contemporaneous objection to the officer's testimony and failed to obtain a ruling on suppression before trial. But Lockhart could not have obtained a ruling before trial because the court explicitly stated that it would have to hear the officer's testimony before making a ruling. After the officer's testimony, Lockhart immediately raised the issue and obtained a ruling. The issue, therefore, is properly preserved. *See Pyle v. State*, 340 Ark. 53, 58, 8 S.W.3d 491, 495 (2000) ("The law is well settled that to preserve an issue for appeal a defendant must object at the first opportunity.").

on whether the driver was actually guilty of the violation which the officer believed to have occurred. *Travis v. State*, 331 Ark. 7, 10, 959 S.W.2d 32, 34 (1998)

Officer White testified that he observed Lockhart's vehicle weaving and crossing the center line a number of times:

> [The car] would cross the fog then it would go over and cross the center line. He weaved back and forth between the two lines. Cross the fog line a couple more times and the center line a couple more times while I was following.

A video-recording of the moments leading up to and including the stop was also introduced and portrayed the events from Officer White's point of view. The circuit court eventually found that "probable cause was demonstrated prior to and subsequent to the activation of the blue lights."

We conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 413, 94 S.W.3d 892, 896 (2003). We have affirmed a denial of a motion to suppress on similar facts. *See Webb v. State*, 2011 Ark. 430, 385 S.W.3d 152. There, the police officer pulled a car over after it had crossed the centerline. We held that the stop was "entirely legal." *Id.* at 7, 385 S.W.3d at 156. Additionally, in this case, Officer White testified that Lockhart's car "weaved back and forth in between the two lines." *Cf. Piercefield v. State*, 316 Ark. 128, 133, 871 S.W.2d 348, 351 (1994) (holding that officer had reasonable suspicion to stop a motorcycle that was "weaving from the centerline of the highway to the shoulder").

SLIP OPINION

And while we agree with Lockhart that the video introduced at trial does not clearly show Lockhart's vehicle crossing the centerline, this fact does not destroy probable cause. Officer White testified that he followed White for two and a half miles before activating his blue lights. But the video records only 45 seconds before the blue lights are activated. Further, it is not necessary that Lockhart be actually guilty of the traffic violation. *See Travis*, *supra*. There must only be probable cause, which is a much lower standard than proof beyond a reasonable doubt. Officer White's testimony, combined with the video account, established probable cause that Lockhart had violated Ark. Code Ann. § 27–51–301(a) (Supp. 2013), which provides that "a vehicle shall not be driven upon the left half of the roadway." The stop was therefore legal, and we affirm the court's denial of the motion to suppress.

## C.     Postconviction motion

The next issue involves sentencing. The jury sentenced Lockhart to 20 years in prison, the maximum allowable under the statute. A sentencing order was entered to this effect on May 13, 2014. On May 30, 2014, Lockhart filed a motion for posttrial relief, arguing that the jury did not consider a presentencing screening report, which, according to Lockhart, is mandatory under Ark. Code Ann. § 5-65-109 (Supp. 2013), the statute in force at the time. Lockhart maintained that this failure justified resentencing. A hearing was held on this motion, which the court ultimately denied, finding that Lockhart was not prejudiced because he received the maximum possible sentence. Lockhart appeals this ruling.

We cannot  address the merits of this argument because Lockhart failed to raise this issue in a timely manner. In order to preserve an issue for appeal, a defendant must object

at the first opportunity. *E.g., Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. And here, the first opportunity to object was when the judge asked Lockhart's counsel if he had anything else before the jury was sent out to deliberate the sentence; counsel replied that he did not. A second opportunity presented itself right before the court pronounced sentence. At that time, the circuit court asked Lockhart's attorney whether there was any reason he should not impose the sentence. Lockhart's attorney responded, "I know of no legal reason why the Court should not impose sentence." Counsel missed two opportunities to apprise the court of the issue and failed to object that the sentence was being imposed without a presentence report.[2] Because Lockhart's attorney failed to object to the imposition of sentence at the first opportunity, this issue is not preserved.

The dissent argues that, per *Williams v. State*, 320 Ark. 498, 898 S.W.2d 38 (1995), Lockhart has preserved his argument about the lack of a presentence report by raising it in a posttrial motion. However, the *Williams* court did not hold that raising the issue in a posttrial motion would have preserved the issue; rather, it only noted, in *dicta*, that the defendant in that case had not filed posttrial motion. *Id.* at 500, 898 S.W.2d at 39. Because the defendant there did not file a posttrial motion, the *Williams* court had no occasion to address whether such a motion would have been sufficient to preserve the issue. We have

---

[2] We recognize that in a prior case we held that the statute contained "mandatory" language and that it was error for the court to sentence the defendant without first receiving the presentence report. *Watson v. City of Fayetteville*, 322 Ark. 324, 328, 909 S.W.2d 637, 638 (1995). But the timing of the objection was not at issue in *Watson*, as it is in this case. Thus, *Watson* does not control the outcome here.

that occasion now and hold that waiting to raise the lack of a presentence report for the first time in a posttrial motion does not preserve the issue for appellate review.[3]

### D. Jurisdiction

Lockhart next argues that the criminal information was defective because it failed to cite the statute for the crime of driving while intoxicated, Ark. Code Ann. § 5-65-103. Rather, the amended criminal information cited only Ark. Code Ann. § 5-65-122, which provided the sentence for the sixth offense of driving while intoxicated. Because the information failed to include this statute, Lockhart argues, the circuit court never acquired jurisdiction.

This argument is meritless and, we should note, made without a single citation to relevant authority. Our precedent provides that "[a]n information is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense." *State v. Johnson*, 326 Ark. 189, 194, 931 S.W.2d 760, 762 (1996). The information here was not defective. The information stated that Lockhart "did unlawfully and feloniously on or about November 15, 2013, operated [sic] a motor vehicle while intoxicated." The information informed Lockhart of the specific elements of the crime he was being charged with, as well as the date on which he was alleged to have committed it. To the extent that Lockhart wanted additional information, he could have filed a bill of particulars. *See id*. And at any rate, the statute that

---

[3] The dissent also argues that raising the lack of a presentence report in a posttrial motion would have given the circuit court an opportunity to correct the error. But that presupposes that the presentence report should be received by the court rather than the jury, as Lockhart argues. Again, we decline to reach the merits of this argument because Lockhart failed to object at the first opportunity.



was cited, § 5-65-122, included a cross-reference to Ark. Code Ann. § 5-65-103. Lockhart therefore should have been aware, from the statute's plain text, of the operative criminal statute.

### E.     Prior convictions

Last, Lockhart argues that two of his prior DWI convictions should not have been admitted. The sentencing statute here provided that "[a] sixth or subsequent offense of violating § 5-65-103 within ten (10) years of a prior offense is a class B felony." Ark. Code Ann. § 5-65-122(a)(1) (Supp. 2013). To prove that Lockhart had at least five prior DWI convictions, the State admitted certified copies of DWI convictions from 2010 and from 2011. First, Lockhart argues that the 2010 conviction should not have been admitted because the date he appeared in court was crossed out. (Though the sentencing order was file-marked by the circuit clerk on October 12, 2010.) Second, Lockhart argues that the 2011 conviction should not have been admitted because the State violated Ark. Code Ann. § 5-65-111 (Supp. 2013) when it charged him with a misdemeanor rather than a felony. Because the 2011 conviction was his fourth offense, the State was barred from plea-bargaining.

Lockhart does not provide any authority to support the argument that these two "defects" render these prior convictions inadmissible. The State offered certified copies of both convictions. The file-markings on both indicate that the convictions occurred within the past ten years. The DWI sentencing statute contains no other requirements. Lockhart's argument is otherwise made without citation to authority or convincing argument. *See*

SLIP OPINION

*Roberts v. State*, 324 Ark. 68, 71, 919 S.W.2d 192, 194 (1996*).* Therefore, we affirm on this point.

Affirmed.

WYNNE, J., concurs in part and dissents in part.

I do not agree with the majority's conclusion that appellant's argument regarding the denial of his posttrial motion is not preserved for review on appeal. I would hold that the argument can be reviewed on appeal. Further, I would reverse and remand on this point. Accordingly, I concur in part and dissent in part.

Here, appellant raised the issue of the necessity of the presentencing report in a posttrial motion to the trial court and obtained a ruling from the trial court on that issue. In holding that appellant's argument is not preserved, the majority states,

> We cannot address the merits of this argument because Lockhart failed to raise this issue in a timely manner. In order to preserve an issue for appeal, a defendant must object at the first opportunity. *E.g.*, *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. And here, the first opportunity to object was when the judge asked Lockhart's counsel if he had anything else before the jury was sent out to deliberate the sentence; counsel replied that he did not. A second opportunity presented itself right before the court pronounced sentence. At that time, the circuit court asked Lockhart's attorney whether there was any reason he should not impose the sentence. Lockhart's attorney responded, "I know of no legal reason why the Court should not impose sentence." Counsel missed two opportunities to apprise the court of the issue and failed to object that the sentence was being imposed without a presentence report. Because Lockhart's attorney failed to object to the imposition of sentence at the first opportunity, this issue is not preserved.

I believe that the majority's conclusion is mistaken.

In *Williams v. State*, 320 Ark. 498, 898 S.W.2d 38 (1995), the defendant argued on appeal that his seventy-five-year sentence for delivery of a controlled substance should be reduced, as it was the product of passion and prejudice by the jury and disproportionate to

the crime. This court's opinion contains a colloquy between the defendant, defendant's counsel, and the trial court in which the trial court asked appellant if he knew of any legal reason why sentence should not be pronounced. Appellant replied that he did not. In holding that appellant's challenge to his sentence was not preserved, we stated,

> Williams, based on the quoted colloquy, clearly voiced no objection to the 75-year sentence at trial. *Moreover, he did not file a post-trial motion raising the issue but did so for the first time on appeal.* We have steadfastly refused to review issues which were not preserved at trial. *Baker v. State,* 318 Ark. 223, 884 S.W.2d 603 (1994); *Henry v. Eberhard,* 309 Ark. 336, 832 S.W.2d 467 (1992).

*Williams*, 320 Ark. at 500, 898 S.W.2d at 3 (emphasis added). If, as the majority concludes, it was necessary for appellant to have raised his argument prior to the sentence being pronounced, there would have been no reason for this court in *Williams* to have noted that the defendant in that case did not raise the issue in a posttrial motion; it could have simply noted that the argument was not raised prior to the pronouncement of sentence, as is done by the majority here. The fact that we specifically stated that no posttrial motion was filed indicates that filing a posttrial motion raising this type of issue and obtaining a ruling on the issue from the trial court is sufficient to preserve this type of issue for appeal.

In *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325, the case relied on by the majority, we stated that the purpose of requiring an objection at the first opportunity was to give the trial court an opportunity to correct any error, perhaps before any prejudice occurs. The application of this rule makes sense in cases such as *Vance* that involve objections to statements by counsel or testimony by witnesses, as it is exceedingly difficult, if not impossible, to "unring the bell" and rectify a mistake without an objection as near in time to the applicable statement as possible. Here, applying the rule so as to foreclose an argument

made on appeal makes much less sense, as the issue is strictly one of statutory application and does not require the sentencing body to perform the difficult task of disregarding something it heard hours or days earlier. This is why *Williams*, *supra*, indicates that raising such an issue in a posttrial motion is acceptable. It is also why I believe the majority has erred in foreclosing consideration of an argument on a questionable basis. Appellant raised the argument before the trial court and obtained a ruling. That is sufficient for this court to review this particular argument on appeal.

Not only do I believe that the majority has erred in declining to consider an argument on an inapplicable basis, I believe that the argument it has elected not to consider is correct. Arkansas Code Annotated section 5-65-109 states, in relevant part,

> (a) The court shall immediately request and the Division of Behavioral Health Services or its designee shall provide a presentence screening and assessment report of the defendant who pleads guilty or nolo contendere or is found guilty of violating § 5-65-103 or § 5-65-303.
> (b)(1) The presentence screening and assessment report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until the court receives the presentence screening and assessment report.

Appellant argues that receipt of the presentencing report is mandatory before a court can pronounce sentence for a DWI conviction. Based on the language of the statute, he is correct, as the statute clearly states that the sentence *shall* not be pronounced until the court receives the presentencing report. Here, the court pronounced sentence and filed the sentencing order prior to receiving a presentencing report, which plainly violates the requirements of the section.

The State makes several arguments to support its position that receipt of the presentencing report was not necessary before the sentence was pronounced. First, it argues

that the requirement of a presentencing report does not apply to jury trials, citing in support precedent interpreting a previous version of the statute that is no longer applicable because the statute has since been amended to remove any distinction between jury trials and bench trials. Second, it argues that the phrase "pleads guilty or nolo contendere or is found guilty" are terms that apply only to bench trials. This argument makes no sense, as a jury clearly finds one guilty of committing an offense. As part of this argument, the State contends that adopting appellant's interpretation of the statute in a case tried before a jury would lead to an absurd result, as the trial court would be required to dismiss the jury after the guilt phase and then reconvene the jury for sentencing after the presentencing report is received. Interpreting the statute as written would not require the trial court to do this. The statute states that the *court* shall not pronounce sentence until the presentencing report is received. The jury does not pronounce sentence. Instead, the jury recommends a sentence. There is nothing in the statute that would require the trial court to call the jury back in for sentencing. If a presentencing report is not available during the penalty phase of the trial, the trial court could have the jury recommend a sentence and then delay pronouncing sentence and entering the sentencing order until after the presenting order has been received, which is exactly what it would have to do at a bench trial. Because the trial court erred in entering the sentencing order prior to the receipt of a presentencing report as required by section 5-65-109, I would reverse and remand on this point.

I concur with the remainder of the majority opinion.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.