Wynne, J., concurs in part and dissents in part. I do not agree with the majority’s conclusion that appellant’s argument regarding the denial of his posttrial motion is not preserved for review on appeal. I would hold that the argument can be reviewed on appeal. Further, I would reverse and remand on this point. Accordingly, I concur in part and dissent in part. Here, appellant raised the issue of the necessity of the presentencing report in a posttrial motion to the trial court and obtained a ruling from the trial court on that issue. In holding that appellant’s argument is not preserved, the majority states, We cannot address the merits of this argument because Lockhart failed to raise this issue in a timely manner. In order to preserve an issue for appeal, a defendant must object at the first opportunity. E.g., Vance v. State, 2011 Ark. 243, 383 S.W.3d 325. And here, the first opportunity to object was when the judge asked Lockhart’s counsel if he had anything else before the jury was sent out to deliberate the sentence; counsel replied that he did not. A second opportunity presented itself right before the court pronounced sentence. At that time, the circuit court asked Lockhart’s attorney whether there was any reason he should not impose the sentence. Lock-hart’s attorney responded, “I know of no legal reason why the Court should not impose sentence.” Counsel missed two opportunities to apprise the court of the issue and failed to object that the sentence was being imposed without a pre-sentence report. Because Lockhart’s attorney failed to object to the imposition of sentence at the first opportunity, this issue is not preserved. I believe that the majority’s conclusion is mistaken. In Williams v. State, 320 Ark. 498, 898 S.W.2d 38 (1995), the defendant argued on appeal that his seventy-five-year sentence for delivery of a controlled substance should be reduced, as it was the product of passion and prejudice by the jury and disproportionate to | ^the crime. This court’s opinion contains a colloquy between the defendant, defendant’s counsel, and the trial court in which the trial court asked appellant if he knew of any legal reason why sentence should not be pronounced. Appellant replied that he did not. In holding that appellant’s challenge to his sentence was not preserved, we stated, Williams, based on the quoted colloquy, clearly voiced no objection to the 75-year sentence at trial. Moreover, he did not file a post-trial motion raising the issue but did so for the first time on appeal. We have steadfastly refused to review issues which were not preserved at trial. Baker v. State, 318 Ark. 223, 884 S.W.2d 603 (1994); Henry v. Eberhard, 309 Ark. 336, 832 S.W.2d 467 (1992). Williams, 320 Ark. at 500, 898 S.W.2d at 39 (emphasis added). If, as the majority concludes, it was necessary for appellant to have raised his argument prior to the sentence being pronounced, there would have been no reason for this court in Williams to have noted that the defendant in that case did not raise the issue in a posttrial motion; it could have simply noted that the argument was not raised prior to the pronouncement of sentence, as is done by the majority here. The fact that we specifically stated that no posttrial motion was filed indicates that filing a posttrial motion raising this type of issue and obtaining a ruling on the issue from the trial court is sufficient to preserve this type of issue for appeal. In Vance v. State, 2011 Ark. 243, 383 S.W.3d 325, the case relied on by the majority, we stated that the purpose of requiring an objection at the first opportunity was to give the trial court an opportunity to correct any error, perhaps before any prejudice occurs. The application of this rule makes sense in cases such as Vance that involve objections to statements by counsel or testimony by witnesses, as it is exceedingly difficult, if not impossible, to “unring the bell” and rectify a mistake without an objection as near in time to the applicable statement as possible. Here, applying the rule so as to foreclose an argument 11smade on appeal makes much less sense, as the issue is strictly one of statutory application and does not require the sentencing body to perform the difficult task of disregarding something it heard hours or days earlier. This is why Williams, supra, indicates that raising such an issue in a posttrial motion is acceptable. It is also why I believe the majority has erred in foreclosing consideration of an argument on a questionable basis. Appellant raised the argument before the trial court and obtained a ruling. That is sufficient for this court to review this particular argument on appeal. Not only do I believe that the majority has erred in declining to consider an argument on an inapplicable basis, I believe that the argument it has elected not to consider is correct. Arkansas Code Annotated section 5-65-109 states, in relevant part, (a) The court shall immediately request and the Division of Behavioral Health Services or its designee shall provide a presentence screening and assessment report of the defendant who pleads guilty or nolo contendere or is found guilty of violating § 5-65-103 or § 5-65-303. (b)(1) The presentence screening and assessment report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until the court receives the pre-sentence screening and assessment report. Appellant argues that receipt of the pre-sentencing report is mandatory before a court can pronounce sentence for a DWI conviction. Based on the language of the statute, he is correct, as the statute clearly states that the sentence shall not be pronounced until the court receives the pre-sentencing report. Here, the court pronounced sentence and filed the sentencing order prior to receiving a presentencing report, which plainly violates the requirements of the section. The State makes several arguments to support its position that receipt of the presentencing report was not necessary before the sentence was pronounced. First, it argues | Mthat the requirement of a pre-sentencing report does not apply to jury trials, citing in support precedent interpreting a previous version of the statute that is no longer applicable because the statute has since been amended to remove any distinction between jury trials and bench trials. Second, it argues that the phrase “pleads guilty or nolo contendere or is found guilty” are terms that apply only to bench trials. This argument makes no sense, as a jury clearly finds one guilty of committing an offense. As part of this argument, the State contends that adopting appellant’s interpretation of the statute in a case tried before a jury would lead to an absurd result, as the trial court would be required to dismiss the jury after the guilt phase and then reconvene the jury for sentencing after the presentencing report is received. Interpreting the statute as written would not require the trial court to do this. The statute states that the court shall not pronounce sentence until the pre-sentencing report is received. The jury does not pronounce sentence. Instead, the jury recommends a sentence. There is nothing in the statute that would require the trial court to call the jury back in for sentencing. If a presentencing report is not available during the penalty phase of the trial, the trial court could have the jury recommend a sentence and then delay pronouncing sentence and entering the sentencing order until after the presenting order has been received, which is exactly what it would have to do at a bench trial. Because the trial court erred in entering the sentencing order prior to the receipt of a presentencing report as required by section 5-65-109,1 would reverse and remand on this point. I concur with the remainder of the majority opinion.