KENNETH S. HIXSON, Judge
On September 28, 2016, appellant Breanna Rene Talbert pleaded guilty to negligent homicide and two counts of third-degree battery. These charges arose out of an incident where Breanna negligently operated her motor vehicle by traveling on the wrong side of the road, resulting in a collision that killed the driver of the other vehicle and injured two passengers. On October 6, 2016, the trial court entered an amended sentencing order placing Breanna on one year of probation for each of these offenses. Among other things, Breanna's conditions of probation prohibited her from drinking alcohol or using controlled substances.
On June 12, 2017, the State filed a petition to revoke Breanna's probation, alleging that she violated the conditions of her by testing positive for alcohol and controlled substances on multiple occasions. The revocation petition further alleged that Breanna had admitted using cocaine, marijuana, and alcohol during her probation. After a revocation hearing held on August 13, 2017, the trial court found that Breanna had violated her probation conditions, and a sentencing hearing was subsequently held on September 13, 2017. Pursuant to a sentencing order entered on September 18, 2017, the trial court revoked Breanna's probation and sentenced her to three concurrent one-year terms of incarceration in the county jail.
In this appeal, Breanna concedes that there was sufficient evidence to warrant a revocation of her probation for failing drug tests and admitting that she used prohibited substances. Her only point on appeal concerns her sentencing. Breanna argues that the jail term of one year, which was the maximum term she could have received, *398 was unduly harsh and constituted an abuse of the trial court's discretion. Breanna contends that the trial court instead should have continued her probation with the condition that she undergo a drug-treatment rehabilitation program at her expense. We affirm.
Breanna's probation officer, Debbie Gorham, testified at the revocation hearing. Ms. Gorham stated that she periodically tested Breanna for alcohol and controlled substances and that Breanna tested positive on numerous occasions. During 2017, Breanna tested positive for cocaine and alcohol on January 12; cocaine on February 9; cocaine on March 14; cocaine, alcohol, marijuana, and amphetamines on April 26; and cocaine, alcohol, marijuana, and benzodiazepines on May 26. In addition, on May 24 Breanna admitted using cocaine, alcohol, and marijuana. Ms. Gorham testified that, between the time the petition for revocation was filed on June 12, 2017, and the revocation hearing, Breanna's bimonthly drug-and-alcohol screens had been negative. Ms. Gorham further testified that, other than using drugs and alcohol, Breanna had complied with her remaining conditions, including reporting to probation and paying fines and restitution. On cross-examination, Ms. Gorham stated that although Breanna underwent a drug-and-alcohol assessment as a condition of her probation, there had been no recommendation or referral for her to undergo treatment.
Breanna testified on her own behalf, and she did not contest the positive drug tests. Breanna testified that her grandmother had paid her fines and restitution, while she had used money she had saved to buy drugs and alcohol. Breanna stated that after failing the drug tests she started attending Narcotics Anonymous meetings, from which she had benefited. Breanna asked the trial court that she be ordered to attend outpatient drug treatment as opposed to incarceration.
After the trial court found Breanna in violation of her probation, she testified at the ensuing sentencing hearing that she had continued to test negative for drugs and alcohol. She had also been complying with the other conditions of her probation. Breanna asked the trial court to order outpatient treatment at her expense and to possibly extend her probation. The State asked the trial court to sentence Breanna to one year in jail for her admitted violations. The trial court revoked Breanna's probation and sentenced her to one year in jail.
Breanna's sole point on appeal is that, although there was sufficient evidence to revoke her probation, the trial court abused its discretion in sentencing her to one year in jail. Breanna asserts that the one-year sentence, which was the maximum allowable by law, was unduly harsh under the circumstances. Breanna contends that, rather than giving her jail time, the trial court should have continued her probation with the condition that she undergo drug treatment in a rehabilitation program at her expense.
In support of her argument, Breanna asserts that she had paid all of her fines and restitution. She further notes that, since her last positive drug test on May 26, 2017, she had begun attending Narcotics Anonymous meetings on her own and had remained drug free. In her testimony, Breanna stated that she wanted to participate in drug rehabilitation and was willing to pay for it if so ordered by the trial court. She claims that it was clear from the evidence that she would have benefited from drug treatment, and she asks that we reverse and remand for resentencing.
It is apparent from the record that the judgment and sentence entered against *399 Breanna was lawful. When the trial court revokes a defendant's probation, the trial court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2017). Breanna was placed on probation for the Class A misdemeanor offenses of negligent homicide and two counts of third-degree battery. See Ark. Code Ann. § 5-10-105(b)(2) (Repl. 2013); Ark. Code Ann. § 5-13-203(b) (Repl. 2013). A Class A misdemeanor carries a maximum one-year jail term. Ark. Code Ann. § 5-4-401(b)(1) (Repl. 2013). The one-year sentence imposed by the trial court was within the statutory range prescribed by law.
Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. Lenard v. State , 2014 Ark. 478, 522 S.W.3d 118. When the sentence given is within the maximum prescribed by law, the sentence is not illegal, because the court has the authority to impose it. Richie v. State , 2009 Ark. 602, 357 S.W.3d 909. This court has held that the trial court has discretion to set punishment within the statutory range of punishment provided for a particular crime. Whitmore v. State , 2018 Ark. App. 44, 539 S.W.3d 596. Moreover, our supreme court has held that it will not reduce a sentence, even if it considers it unduly harsh, if it falls within the legislative limits of the General Assembly. Brown v. State , 2010 Ark. 420, 378 S.W.3d 66. If a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it. Williams v. State , 320 Ark. 498, 898 S.W.2d 38 (1995).
Based on the above principles, we hold that the trial court did not abuse its discretion in imposing a sentence that falls within the statutory range for Class A misdemeanors. Therefore, we affirm Breanna's probation revocation and the one-year jail sentence.
Affirmed.
Harrison and Murphy, JJ., agree.