
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-215

| | |
|---|---|
| TARA BROOKS HARRIS<br>APPELLANT | **Opinion Delivered** September 3, 2014 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION [NO. JN-13-1027] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD<br>APPELLEES | HONORABLE JOYCE WILLIAMS WARREN, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Tara Harris appeals from the termination of her parental rights to her three-year-old daughter, A.A.[1] Tara's attorney has filed a no-merit brief and a motion to withdraw, stating that the appeal is without merit and that she should be relieved as counsel. We affirm.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), appellant's attorney has addressed all of the adverse rulings made at the hearing from which the appeal arose, and explained why each adverse ruling is not a meritorious ground for reversal. Tara was provided with a copy of her counsel's brief and motion and informed of her right to file pro se points. Tara has submitted a list of pro se points, which essentially amounts to a lengthy

---

[1] The parental rights of A.A.'s putative father were also terminated, but the putative father has not appealed.

SLIP OPINION

narrative challenging the sufficiency of the evidence supporting the termination of her parental rights.

We review termination-of-parental-rights cases de novo. *Carroll v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 199. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

A.A. initially came into the custody of the Arkansas Department of Human Services in February 2012, when she was six months old. At that time, A.A. was removed from Tara's custody based on a finding of maltreatment and inadequate supervision after A.A. was found to have facial bruising, a fractured femur, and multiple rib fractures. A.A. was placed in foster care for more than a year, during which time Tara received extensive DHS services. A.A. was returned to Tara's custody on April 25, 2013.

Just five weeks later, on June 3, 2013, DHS filed a motion for emergency custody of A.A. based of life-threatening injuries to the child. A.A. had been taken to the hospital after having seizures, and she was found to have intracranial hemorrhaging as well as bruising all

over her body. A.A. was placed on a mechanical ventilator and the medical staff was unsure whether she would survive. Tara reported that she had left the child with her husband while she was at work, and neither Tara nor her husband gave any explanation consistent with A.A.'s injuries. On the same day the petition was filed, the trial court entered an ex parte order for emergency DHS custody.

On August 27, 2013, the trial court entered an order adjudicating A.A. dependent–neglected. In the adjudication order, the trial court credited the testimony of A.A.'s doctor given at the adjudication hearing, wherein the doctor stated that A.A.'s extensive injuries were consistent with child abuse. The trial court found that A.A. was at substantial risk of serious harm as a result of physical abuse and medical neglect. The trial court further found that Tara had subjected A.A. to aggravated circumstances because A.A. had been chronically abused and subjected to extreme and repeated cruelty.

DHS filed a petition to terminate Tara's parental rights on September 5, 2013. The termination hearing was held on November 20, 2013.

On December 9, 2013, the trial court entered an order terminating Tara's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in A.A.'s best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the child to the custody of her mother as required by Ark. Code Ann. § 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of the following two statutory grounds under subsection (b)(3)(B):

> (vi)*(a)* The court has found the juvenile or a sibling dependent–neglected as a result of neglect or abuse that could endanger the life of the child, sexual abuse, or sexual

3



exploitation, any of which was perpetrated by the juvenile's parent or parents or step-parent or step-parents.

. . . .

(ix)*(a)* The parent is found by a court of competent jurisdiction, including the juvenile division of circuit court, to:

*(3)(A)* Have subjected any juvenile to aggravated circumstances.

*(B)* "aggravated circumstances" means:

*(i)* A juvenile has been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, or a determination has been or is made by a judge that there is little likelihood that services to the family will result in successful reunification[.]

In the no-merit brief submitted to this court, Tara's counsel accurately explains that there can be no meritorious argument challenging the sufficiency of the evidence supporting termination of Tara's parental rights. There can be no challenge to the statutory grounds of aggravated circumstances because this finding was made by the trial court in its adjudication order, which was not appealed. In termination cases, a challenge to a finding of abuse or aggravated circumstances must be made, if at all, in an appeal from the adjudication hearing. *Hannah v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 502. Nor could a merit argument be raised on the best-interest requirement. The evidence demonstrated that A.A. would be at significant risk of potential harm if returned to Tara's custody given that A.A. was severely injured at the age of six months while in Tara's care, prompting A.A.'s removal by DHS, and shortly after A.A. was placed back with Tara she was critically injured and suffered irreversible neurological deficits. Dr. Paul DeYoub performed a psychological evaluation and determined that A.A. would be in grave danger in Tara's care because Tara was incapable of protecting her child from serious injury or death, and Dr. DeYoub recommended that A.A. never be



returned to Tara. Moreover, there was testimony at the termination hearing that A.A. was adoptable. On this record, the trial court's decision to terminate Tara's parental rights was not clearly erroneous, and we agree with appellant's counsel that any appeal challenging the sufficiency of the evidence would be wholly without merit.

As Tara's counsel correctly asserts in her brief, the only other adverse ruling at the termination hearing had no bearing on the ultimate issue of termination and could not support a merit appeal. After the trial court issued its ruling of termination from the bench near the end of the hearing, the trial court permitted Tara's mother to be heard over Tara's objection that her mother lacked standing to speak to the court. Tara's mother then let the court know that she disagreed with the termination, that she worried about the safety of A.A. in an adoptive home, and that she wished A.A. could remain in foster care longer so she could seek placement of her. These comments by Tara's mother caused Tara no prejudice, and the trial court's adverse ruling in this regard could be no basis for reversal.

After examining the record, Tara's counsel's no-merit brief, and Tara's pro se points, we have determined that there has been compliance with our no-merit rules and that this appeal is without merit. Accordingly, we affirm the order terminating Tara's parental rights and grant her attorney's motion to be relieved from representation.

Affirmed; motion to withdraw granted.

WYNNE and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.