RAYMOND R. ABRAMSON, Judge
The Crawford County Circuit Court revoked Michael Dye's suspended sentences in case numbers CR-09-315, CR-12-241, and CR-13-50, and sentenced him to 144 months' imprisonment and 96 months' suspended sentence. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Dye's attorney has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Dye was notified of his right to file pro se points for reversal via certified mail, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.
On March 1, 2010, Dye pled guilty to possession of methamphetamine in case number CR-09-315. The court sentenced him to 24 months in a regional correctional facility (RCF) followed by 96 months' suspended sentence. His suspended sentence was conditioned on good behavior.
On March 7, 2013, the State filed a petition to revoke Dye's suspended sentence in case number CR-09-315. The State alleged that Dye had committed the new offenses of theft of property, residential burglary, and failure to appear in case number CR-12-241 and second-degree forgery in case number CR-13-50.
On March 13, 2013, Dye pled guilty to the charges of theft of property, residential burglary, and failure to appear in case number CR-12-241 and second-degree forgery in case number CR-13-50. The court sentenced him to 24 months in an RCF and 120 months' suspended sentence. His suspended sentence was conditioned on good behavior.
On June 27, 2017, the State filed a petition to revoke Dye's suspended sentence in case numbers CR-09-315, CR-12-241, and CR-13-50. In the petition, the State alleged that on June 14, 2017, Dye had committed the offenses of felon in possession of a firearm, possession of methamphetamine, and possession of drug paraphernalia. The State charged him as a habitual offender. The court set a revocation hearing for August 23, but Dye did not appear for the hearing.
On September 14, the State amended its petition to revoke to allege that Dye had failed to appear for the August 23 revocation hearing. The State further alleged that on July 2, Dye had committed the offense of fleeing on foot in case number VAS-17-1789, and that on July 27, Dye had failed to appear in that case.
The court held a second revocation hearing on September 20. At the beginning of the hearing, Dye requested a continuance due to health issues. The court inquired whether Dye had a doctor's note, and Dye responded that he did not. The court then denied the continuance, noting that the hearing had already been continued once due to Dye's failure to appear.
*75 At the conclusion of the hearing, the court found that Dye had violated the terms and conditions of his suspended sentence by failing to appear for the August revocation hearing and by committing the offense of felon in possession of a firearm. As previously stated, the court sentenced him to 144 months' imprisonment and 96 months' suspended sentence. This no-merit appeal followed.
On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. Jones v. State , 2013 Ark. App. 466, 2013 WL 4766701. To revoke a suspended sentence, the State has the burden of proving by a preponderance of the evidence that a condition of the suspended sentence was violated. Id. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Joiner v. State , 2012 Ark. App. 380, 2012 WL 2129351. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. Richardson v. State , 85 Ark. App. 347, 157 S.W.3d 536 (2004).
Dye's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. Williams v. State , 2013 Ark. App. 323, 2013 WL 2112203.
Here, counsel has adequately explained why an appeal would be wholly frivolous. Dye's suspended sentence was conditioned on good behavior, and the evidence showed that Dye failed to appear for the August revocation hearing. Specifically, Stephanie Smith, the Crawford County Circuit Clerk, testified that Dye had failed to appear for the August 23, 2017 revocation hearing. Smith stated that notice of the hearing was sent to Dye, his attorney, and his bonding company on July 18, 2017, and the State introduced that notice into evidence. Accordingly, there was sufficient evidence for the circuit court to find by a preponderance of the evidence that Dye violated a condition of his suspended sentence.
The only other adverse ruling was the denial of Dye's request for a continuance. A circuit court's decision to grant or deny a continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. Hamilton v. State , 2013 Ark. App. 12, 2013 WL 171904. We agree with counsel that the circuit court did not abuse its discretion in denying Dye's request and that there is no basis for reversal in this adverse ruling.
Accordingly, from our review of the record and the brief submitted by Dye's counsel, we find that there has been compliance with Rule 4-3(k) and that the appeal is wholly without merit. We therefore affirm the revocation and grant counsel's motion to withdraw.
Affirmed; motion granted.
Gruber, C.J., and Vaught, J., agree.