Cite as 2019 Ark. App. 325

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR–18–695

| | | |
|---|---|---|
| | | OPINION DELIVERED: JUNE 5, 2019 |
| ANTONIO D. BROWN | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-10-242] |
| V. | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

Antonio D. Brown was sentenced to eight years' imprisonment by the Crittenden County Circuit Court after the court revoked his suspended sentence for residential burglary. He filed a timely notice of appeal, but his attorney filed a motion to withdraw and a no-merit brief based on *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2018) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel asserts that there is no issue of arguable merit for an appeal. Brown filed pro se points for reversal, and the State responded that Brown's arguments are not either preserved for appellate review or have no merit. We affirm the revocation and grant counsel's motion to withdraw.

On February 26, 2010, Brown was charged with burglary, first-degree criminal mischief, and theft of property. On July 21, 2010, he entered into a negotiated guilty plea wherein he agreed to pay fines, costs, and over $9000 in restitution, and he was sentenced to 120 months' suspended imposition of sentence for the residential-burglary conviction. On May 26, 2017, the State filed a petition to revoke Brown's suspended sentence alleging

that he had violated the conditions by failing to pay fines, costs, restitution, and fees; failing to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; and committing possession of a firearm by a felon.

At the May 7, 2018 hearing on the State's petition, West Memphis police officer Thomas Bracey testified that he was dispatched based on allegations that people were in the park with firearms. When he arrived, he observed people outside two cars. He saw a pistol in the passenger-side door of the vehicle belonging to April Williams, who is Brown's cousin. He said that Brown claimed the gun belonged to him. Bracey said that the gun was loaded when it was found.

Brown's counsel moved for a dismissal on the issue of fines, costs, and restitution after Bracey had testified, and the circuit court granted the motion. Thereafter, April Williams testified that she had driven to the park on the night of Brown's arrest. She said that Mike G. rode in her passenger seat, and Selena was in the backseat. She said Brown and T.T. had driven Mike G.'s car. She said that when they arrived at the park, they got out of their cars, and police arrived five minutes later. She said that police put her in handcuffs and sat her in the back of the car after they found a gun in the passenger-side door of her car and some marijuana in her friend's purse. She then said that police had placed her in their car before they found the gun. She said that when she told police that she had not known the gun was in her car, Brown said, "Don't take her to jail, take me cause she's never been in no trouble." She said that they arrested Brown and carried him away. She said that Brown had not been in her car that day and that it was Mike G. who had been in the car. She said that she did not hear what Brown told police and that she could not say what he told police was a lie.

2

Brown testified that he had followed Williams to the park in a separate car. He said that while sitting with his friends at the park, police pulled up, grabbed Williams, and took her to the police car. He said that the officer then looked over in the passenger-side door and pointed down, saying that he saw a gun. He said that the officer told them if no one took the charge, Williams was going to jail for a gun charge. Brown told the officer not to take Williams to jail but to take him instead because Williams had never been in trouble. He said that he was handcuffed and placed in the police car, and he had thought what the police were doing was illegal, so he stated that the gun belonged to him.

The circuit court found by a preponderance of the evidence that Brown admitted the gun was his and that he had violated the terms and conditions of his suspended sentence. Brown was sentenced by the court to eight years' imprisonment in the Arkansas Department of Correction, and he was given 199 days' jail-time credit. This no-merit appeal followed.

Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Bledsoe v. State*, 2014 Ark. App. 410. To revoke a suspended sentence, the State has the burden of proving by a preponderance of the evidence that a condition of the suspended sentence was violated. *Dye v. State*, 2019 Ark. App. 234, 576 S.W.3d 73. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.* Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Id.*

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R.

4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, *supra*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Counsel contends that there are no issues of merit to support an appeal, and he has adequately explained why an appeal would be wholly frivolous. There were no objections made at the revocation hearing; thus, the only issue to be addressed is whether there was sufficient evidence to revoke Brown's suspended imposition of sentence.[1]

Brown's suspended sentence was conditioned on his not violating any local, state, or municipal laws. The evidence was that Officer Bracey observed a gun in the passenger-side door of Williams's vehicle, and he asked to whom the gun belonged. Brown stated that the firearm was his. Even though Brown testified at the hearing that the gun did not belong to him, he admitted that he had claimed ownership of the gun at the time of his arrest. We note that there was testimony that the gun did not belong to Williams; Brown had not been in Williams's car; Mike G. had ridden to the park in Williams's passenger seat; and Brown

---

[1]A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion to dismiss. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Perkins v. State*, 2018 Ark. App. 18.

4

drove Mike G.'s car to the park.  However, the circuit court found that it made more sense from the testimony that Brown had ridden with his cousin to the park.  Regardless, Brown admitted that the gun belonged to him.  Leaving credibility determinations to the finder of fact, sufficient evidence supports the revocation.

Brown filed pro se points for reversal alleging that he was illegally sentenced, that his "amendments" were violated, and that he was denied due process.  He complains that he was never given a "revocation bond" and was never served with a revocation petition.  He argues that the criminal charge was dismissed after a year; but the day the charge was dismissed, his suspended sentence was revoked.  He claims that his due-process rights were violated, that his sentence is illegal, and that the judge, the prosecutor, and his public defender "know it."

The State asserts that Brown's sentence is not illegal, and we agree.

> Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Lenard v. State*, 2014 Ark. 478, 522 S.W.3d 118. When the sentence given is within the maximum prescribed by law, the sentence is not illegal, because the court has the authority to impose it. *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. This court has held that the trial court has discretion to set punishment within the statutory range of punishment provided for a particular crime. *Whitmore v. State*, 2018 Ark. App. 44, 539 S.W.3d 596. Moreover, our supreme court has held that it will not reduce a sentence, even if it considers it unduly harsh, if it falls within the legislative limits of the General Assembly. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. If a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it. *Williams v. State*, 320 Ark. 498, 898 S.W.2d 38 (1995).

*Talbert v. State*, 2018 Ark. App. 412, at 5, 558 S.W.3d 396, 399.

Brown does not contend that his sentence exceeds the statutory maximum.  Further, his eight-year sentence is within the range set for the offense he committed.  *See* Ark. Code Ann. §§ 5-39-201(a)(2) (Repl. 2013) (residential burglary is a Class B felony); 5-4-401(a)(3)

(Repl. 2013) (sentencing range for Class B felony is not less than five years nor more than twenty years). Upon revocation, a circuit court may impose any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Repl. 2013). Accordingly, Brown's contention that his sentence is illegal has no merit.

Brown's arguments related to his due-process rights—(1) his sentencing hearing was not held within sixty days; (2) he was never arrested or served with a petition for revocation; (3) he was never given a "revocation bond"; and (4) his suspended sentence was revoked despite the dismissal of the criminal charge of being a felon in possession of a firearm on the day of his revocation hearing—are not preserved for appellate review because these arguments were not raised below. *See London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003); *Lane v. State*, 2015 Ark. App. 672.

Accordingly, from our review of the record and the brief submitted by Brown's counsel, we find that there has been compliance with Rule 4–3(k) and that the appeal is wholly without merit. We therefore affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

SWITZER and HIXSON, JJ., agree.

*Bart Ziegenhorn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.