Cite as 2020 Ark. App. 8

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-19-512

| | | |
|---|---|---|
| ROY VIDEL GRAHAM | | **OPINION DELIVERED:** JANUARY 15, 2020 |
| | APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-17-183] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JERRY D. RAMEY, JUDGE |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

Roy Videl Graham was sentenced to five years in the Arkansas Department of Correction (ADC) by the Logan County Circuit Court following the revocation of his probation. He filed a timely notice of appeal, but his attorney filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel asserts that there is no issue of arguable merit for an appeal. The clerk of this court furnished Graham with a copy of his counsel's brief and notified him of his right to file

pro se points; Graham did not file any points.[1] We affirm the revocation and grant counsel's motion to withdraw.

Graham was placed on probation for sixty months for possession of drug paraphernalia, a Class D felony, on July 27, 2018. The State filed a petition to revoke Graham's probation on October 26, 2018, alleging Graham had violated certain terms and conditions of probation.

During a hearing on the petition, Officer Chris Hayden of the Paris Police Department testified that Graham was in possession of two baggies containing a white crystal substance and a green leafy substance. A report from the state crime lab was offered into evidence, and it indicated that the white crystal substance was methamphetamine. Probation Officer Paul Clifford testified that Graham did not report to the probation office on October 4, 2018. Denise Kremers, deputy clerk, for the Logan County Sheriff's

---

[1]On August 7, 2019, the clerk of this court mailed (1) a letter stating pro se points were due September 6; (2) a copy of the motion to withdraw as counsel filed by Robert Jeffrey; (3) an affidavit; and (4) a copy of the no-merit brief Graham's the address of record at the Tucker Unit to Graham. The "green card" return receipt was returned to the clerk August 12, signed for by Angela Treadwell. The packet was returned as undeliverable on August 21. The motion to withdraw filed by Jeffrey on August 2 contained the incorrect ADC number; therefore, counsel was contacted via email on August 21 to verify the ADC number and provide any additional contact information. Jeffrey provided a correct ADC number but verified that Graham currently was not listed on the ADC website. He also provided a former home address in the event that Graham had been paroled. Jeffrey had not had additional contact with Graham and had no other information to provide. On August 23, a new packet was sent to the address provided by Jeffrey. This packet was returned as unclaimed on September 20. United States Postal Service tracking history notates attempts to deliver on August 24, August 29, and September 9; and the packet returned to sender on September 12. No additional contact information has been provided for Graham.

Office, testified that Graham has an outstanding balance of $1,575 and made only one payment of $45.50 on October 4, 2018.

The circuit court found by a preponderance of the evidence that Graham had possessed methamphetamine; failed to report his arrest to his probation officer; failed to timely pay his supervision fees, fines, and costs; and failed to report as directed in violation of the terms and conditions of his probation. The circuit court revoked Graham's probation and sentenced him to five years in the ADC pursuant to the sentencing order filed on March 8, 2019. This no-merit appeal followed.

Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Brown v. State*, 2019 Ark. App. 325. To revoke a probationary sentence, the State has the burden of proving by a preponderance of the evidence that a condition of the probationary sentence was violated. *Id*. at 4. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id*. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Id*.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to Graham and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests

3

made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, *supra*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

In compliance with the directive in *Anders*, *supra*, and Rule 4-3(k)(1), counsel for Graham has thoroughly examined the circuit court record of this proceeding but found no error that would support an appeal. As required by Rule 4-3(k), the reasons the adverse rulings provide no meritorious grounds for appeal are discussed in his brief. Counsel indicates that there were six rulings adverse to Graham: (1) the circuit court denied Graham's motion for a continuance prior to the start of the revocation hearing; (2) the circuit court overruled Graham's objection to the probation officer's testimony that Graham was initially sanctioned for admitted use of methamphetamine because it was not in the State's petition to revoke as a ground for revocation; (3) Graham objected and moved for dismissal due to the lack of testimony as to when his probation began, both of which were overruled or denied; (4) the circuit court sustained the State's objection to hearsay testimony by Graham; (5) the circuit court granted the State's petition to revoke and sentenced Graham to sixty months in the ADC; and (6) the circuit court denied Graham's request to speak to his son.

Having reviewed the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1), there are no nonfrivolous issues that support an appeal in this case, and this appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion to withdraw granted.

VIRDEN and VAUGHT, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.