Cite as 2020 Ark. App. 344

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-815

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** June 3, 2020 |
| PHILLIP HORNE, JR. | APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-17-35] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY RAMEY, JUDGE |
|  |  | REBREIFING ORDERED; MOTION TO WITHDRAW DENIED |

**WAYMOND M. BROWN, Judge**

The Logan County Circuit Court revoked appellant Phillip Horne's probation for the underlying charge of delivery of methamphetamine. Appellant was sentenced to four years' incarceration with a judicial transfer to the Arkansas Department of Community Corrections. Pursuant to *Anders v. California*[1] and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a motion to withdraw as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Appellant was notified of his right to file pro se points for reversal, but he has not filed any such points. Because appellant's counsel's no-merit brief is not in

---

[1]386 U.S. 738 (1967).

compliance with *Anders* and Rule 4-3(k), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing.[2] The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw.[3] Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings.[4] A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required.[5]

Counsel abstracted and addressed the sufficiency of the evidence to support the circuit court's revocation of appellant's probation; however, counsel failed to abstract or discuss one adverse ruling and failed to address another adverse decision by the circuit court. Before the circuit court ruled on the State's revocation petition, counsel asked the court to consider keeping appellant on probation. The court decided against this request based on

---

[2]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

[3]*Id.*

[4]*T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

[5]*Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

2

the sentence appellant received; however, counsel neither abstracted nor discussed this decision. Additionally, the court revoked appellant's probation on three different grounds, but two of the grounds relied on by the court were not alleged in either the State's original petition to revoke or its amended petition.[6] Counsel has also failed to address this issue or state why it would not be a meritorious ground for reversal. Therefore, rebriefing is required.

Counsel is encouraged to review *Anders* and Rule 4–3(k) of the Arkansas Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules.[7] After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

GRUBER, C.J., and MURPHY, J., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.

---

[6]The original petition listed possession of drug paraphernalia as the ground for revocation. The amended petition listed possession of drug paraphernalia, failure to appear, and failure to make payments as the grounds for revocation. Appellant's probation was revoked due to failure to make payments, using methamphetamine, and failure to report for treatment as directed.

[7]Ark. Sup. Ct. R. 4-2(b)(3) (2019).