Cite as 2020 Ark. App. 349

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-19-691

| | |
|---|---|
| RECO WALKER | **Opinion Delivered:** June 10, 2020 |
| APPELLANT | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NOS. 32CR-15-208 & 32CR-15-212] |
| V. | |
| STATE OF ARKANSAS | HONORABLE TIM WEAVER, JUDGE |
| APPELLEE | REBRIEFING AND SUPPLEMENTAL ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

## MEREDITH B. SWITZER, Judge

Reco Walker pleaded guilty in August 2016 in the Independence County Circuit Court to two Class D felonies—attempted delivery of a controlled substance (methamphetamine) and possession of a controlled substance (methamphetamine).[1] He was placed on five years' probation. The State filed a revocation petition in February 2019 alleging Walker had violated the terms of his probation by testing positive for marijuana, failing to report, failing to provide proof of employment or enrollment in an educational program, failing to pay fines, and failing to complete any of his court-ordered community-service hours. After a hearing, the circuit court revoked Walker's probation and sentenced him to four years' imprisonment on each count, with the sentences to run consecutively.

---

[1] Walker also pleaded guilty to one count of Class A misdemeanor attempted delivery of a controlled substance, for which he was placed on twelve months' probation.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Walker's counsel has filed a motion to withdraw as counsel along with a no-merit brief asserting that there are no issues of arguable merit for an appeal. The clerk of this court provided Walker with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, but he has not filed any points. We hold that Walker's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Therefore, we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2019). Rebriefing must be ordered if counsel fails to abstract and address every adverse ruling. *Bullington v. State*, 2019 Ark. App. 2. This requirement ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Dye v. State*, 2019 Ark. App. 3 (citing *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877).

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke Walker's probation. Counsel acknowledges that a continuance was requested at the beginning of the hearing and was denied by the circuit court. Counsel does not address the merits of this adverse ruling but merely notes that a continuance would not remedy Walker's past violations of the conditions

of his probation.  Our review of the record also reveals that there was another adverse ruling that was abstracted but not discussed by counsel—a hearsay objection by Walker's counsel during the testimony of Charles Anderson on page 8 of the abstract that the circuit court overruled.

Furthermore, our review of the addendum reveals that the first page of the conditions of probation is missing.  Supreme Court Rule 4–2(a)(8)(A)(i) requires that the addendum include "any document essential to an understanding of the case and the issues on appeal." Ark. Sup. Ct. R. 4-2.  A complete copy of Walker's conditions of probation is essential to an understanding of whether he violated the terms of his probation.

The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review *Anders*, *supra*, and Supreme Court Rule 4–3(k) for the requirements of a no-merit brief as well as Rule 4–2(a) for the required contents of the addendum.  Counsel has fifteen days from the date of this opinion to file a substituted brief and addendum.  Ark. Sup. Ct. R. 4-2(b)(3).  After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Walker, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k).  The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing and supplemental addendum ordered; motion to withdraw denied.

ABRAMSON and VIRDEN, JJ., agree.

*Denton & Zachary, PLLC*, by: *Joe A. Denton*, for appellant.

One brief only.

3