Cite as 2020 Ark. App. 535

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-815

|  |  |
|---|---|
| PHILLIP HORNE, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** November 18, 2020<br><br>APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-17-35]<br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Logan County Circuit Court revoked appellant Phillip Horne's probation for the underlying charge of delivery of methamphetamine. Appellant was sentenced to four years' incarceration with a judicial transfer to the Arkansas Department of Community Correction. Pursuant to *Anders v. California*[1] and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a motion to withdraw as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Appellant was notified of his right to file pro se points for reversal, but he has not filed any such points. We affirm and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

Appellant was placed on four years' supervised probation on July 17, 2017, for delivery of methamphetamine. One of appellant's conditions required the payment of fines, fees, and costs. The State filed a petition to revoke appellant's probation on December 17, 2018, alleging that appellant had violated the terms and conditions of his probation by committing a new offense, possession of drug paraphernalia. An amended petition to revoke was filed on April 8, 2019, alleging that appellant had violated the terms and conditions of his probation by committing a new offense, possession of drug paraphernalia; by failing to appear; and by failing to make timely payments.

A revocation hearing took place on July 12, 2019. Denise Kremers, deputy clerk for the Logan County Sheriff's Office, testified that appellant has an outstanding balance of $720 and made only four payments since being placed on probation.[2] Appellant testified on his own behalf and admitted that he was behind on his payments. However, he stated that he paid hundreds at a time when he did pay. He testified that he had money in his pocket to make a payment that day.

The circuit court found by a preponderance of the evidence that appellant had inexcusably violated the terms and conditions of his probation. Appellant was sentenced to four years' incarceration with a judicial transfer to the Arkansas Department of Community Correction pursuant to the sentencing order filed on July 15, 2019. This no-merit appeal followed.[3]

---

[2]Payments were made on September 22, 2017; and June 5, November 16, and December 10, 2018.

[3]This is the second time this case has been before us. We initially ordered rebriefing and denied counsel's motion to withdraw. *See Horne v. State*, 2020 Ark. App. 344.

Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact.[4] To revoke a probationary sentence, the State has the burden of proving by a preponderance of the evidence that a condition of the probationary sentence was violated.[5] Proof of just one violation of the terms and conditions of probation is sufficient to support revocation.[6]

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal.[7] The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[8] In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous.[9] Pursuant to *Anders*, we are

---

[4]*Brown v. State*, 2019 Ark. App. 325.

[5]*Id.*

[6]*Id.*

[7]Ark. Sup. Ct. R. 4–3(k)(1).

[8]*Id.*

[9]*Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787.

required to determine whether the case is wholly frivolous after a full examination of all the proceedings.[10]

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and, found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered all the adverse rulings as well as the revocation itself. After carefully examining the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit. We affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH and HIXSON, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.

---

[10]*T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

4