Cite as 2020 Ark. App. 559

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-691

| | |
|---|---|
| RECO WALKER<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 9, 2020<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NOS. 32CR-15-208 & 32CR-15-212]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED; MOTION TO BE RELIEVED GRANTED |

### N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of appellant Reco Walker following the revocation of Walker's probation. *See Anders v. California*, 386 U.S. 738 (1967); Ark. Sup. Ct. R. 4-3(k) (2019). We determined that counsel's initial brief was not compliant with the legal requirements for a no-merit brief, we ordered counsel to rebrief the appeal, and we denied counsel's initial motion to be relieved. *Walker v. State*, 2020 Ark. App. 349, 604 S.W.3d 611. Counsel's substituted brief, which has corrected the earlier-identified deficiencies, is accompanied by a motion to be relieved as counsel, both of which were mailed to Walker at his last known address. Walker did not file any pro se points for reversal. We affirm the revocation of Walker's probation, and we grant counsel's motion to be relieved.

Walker pleaded guilty in August 2016 to attempted delivery of a controlled substance (methamphetamine) and possession of a controlled substance (methamphetamine). He was

placed on a five-year term of probation. The State filed a revocation petition in February 2019 alleging that Walker had violated the terms of his probation by testing positive for marijuana, failing to report, failing to provide proof of employment or enrollment in an educational program, failing to pay fines, and failing to complete any of his court-ordered community-service hours. After a hearing, the circuit court revoked Walker's probation, finding that he had violated multiple conditions of probation, and sentenced him to four years' imprisonment on each count. This appeal followed.

In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. The test is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Macleod v. State*, 2017 Ark. App. 388. Counsel's brief must contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Walker, supra.*

Counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke. The State alleged multiple violations of the conditions of Walker's probation, several of which Walker acknowledged. We agree with counsel that there is no issue of arguable merit to raise on appeal of the sufficiency of the evidence to revoke probation.

Counsel abstracted and addressed the denial of defense counsel's motion for continuance requested at the beginning of the hearing. Counsel asked for a continuance stating that Walker was currently complying with his probation conditions and wanted to

2

remain free to continue his compliance. A circuit court's decision to grant or deny a continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dye v. State*, 2019 Ark. App. 234, 576 S.W.3d 73. We agree with counsel that the circuit court did not abuse its discretion in denying a continuance and that there is no issue of arguable merit concerning this adverse ruling.

Counsel abstracted and addressed an adverse ruling on defense counsel's hearsay objection raised during the testimony of a State's witness. As noted by the circuit court and now by appellate counsel, the rules of evidence do not strictly apply in probation-revocation proceedings. *See* Ark. R. Evid. 1101(b)(3) (2019); *Whitmore v. State*, 2018 Ark. App. 44, 539 S.W.3d 596. Regardless, any alleged evidentiary error would be harmless in light of the overwhelming evidence of multiple violations unrelated to the purported hearsay testimony. *See Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000). There could be no issue of arguable merit to raise on appeal of this adverse ruling.

Having reviewed this appeal under the appropriate standards, we hold that there is no merit to this appeal. Accordingly, we affirm the revocation of Walker's probation and grant counsel's motion to withdraw.

Affirmed; motion to be relieved granted.

VIRDEN and WHITEAKER, JJ., agree.

*Denton and Zachary, PLLC*, by: *Joe A. Denton*, for appellant.

One brief only.