Cite as 2024 Ark. App. 389

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-780

|  |  |  |
|---|---|---|
| | | Opinion Delivered June 5, 2024 |
| TYLER PRESTON NIXON | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-17-174] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | SUPPLEMENTATION OF THE RECORD AND REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**KENNETH S. HIXSON, Judge**

This is a revocation case. On June 30, 2017, appellant Tyler Preston Nixon pleaded guilty to possession of drug paraphernalia and was placed on six years' probation. On January 22, 2021, the State filed a petition to revoke Nixon's probation, alleging that he violated the conditions of the probation by committing various criminal offenses; failing to report to his probation officer; failing to pay supervision fees; and failing to pay fines, costs, and fees. On September 10, 2021, Nixon pleaded nolo contendere to the petition. On September 15, 2021, the trial court revoked Nixon's probation and entered a sentencing order sentencing him to three years in prison followed by a three-year suspended imposition of sentence. Nixon was released from prison on May 17, 2022.

On November 22, 2022, the State filed a petition to revoke Nixon's suspended imposition of sentence. In that petition, the State alleged that Nixon violated his suspended sentence by committing forgery and failing to pay fines, costs, and fees. After a revocation hearing held on October 17, 2023, the trial court found that Nixon had violated the conditions of the suspended sentence in both respects alleged by the State. On October 23, 2023, the trial court entered a sentencing order revoking Nixon's suspended imposition of sentence and sentencing him to three years in prison. Nixon now appeals the revocation of his suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b)(1), Nixon's counsel has filed a motion to be relieved on the ground that this appeal is wholly without merit. Nixon's counsel's motion was accompanied by a brief discussing all the adverse rulings in the record and a statement of the reason each point raised cannot arguably support an appeal. The clerk of this court mailed a copy of his counsel's motion and brief to Nixon's last-known address with information about his right to file pro se points for reversal, but Nixon has not filed any points. We deny counsel's motion to withdraw, and we remand to settle and supplement the record.

The trial court's September 15, 2021 sentencing order that placed Nixon on a three-year suspended imposition of sentence states that the conditions of the disposition are attached and that any violations of the terms and conditions of the suspended imposition of sentence may result in a revocation. However, our record does not contain the written conditions of Nixon's suspended imposition of sentence, which is essential to our review of

this case and his counsel's argument that the trial court did not err in finding that Nixon had violated a condition. *See Butry-Weston v. State*, 2020 Ark. App. 340. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)).

Because of the deficiency in the record, we remand to the trial court to settle and supplement the record within thirty days with the necessary document containing the written conditions of Nixon's suspended imposition of sentence. Upon filing the supplemental record, Nixon's counsel shall have fifteen days in which to file a substituted brief. Should counsel again choose to file a no-merit brief, counsel's motion and brief will be forwarded by our clerk to Nixon, and he will have thirty days within which to raise pro se points in accordance with Arkansas Supreme Court Rule 4-3(b)(2). The State will be given an opportunity to file a response brief if pro se points are made.

Supplementation of the record and rebriefing ordered; motion to withdraw denied.

VIRDEN and GLADWIN, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

One brief only.

3