Cite as 2026 Ark. App. 55

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-780

| | | |
|---|---|---|
| TYLER PRESTON NIXON | | Opinion Delivered January 28, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| V. | | COUNTY CIRCUIT COURT, FORT |
| | | SMITH DISTRICT |
| STATE OF ARKANSAS | | [NO. 66FCR-17-174] |
| | APPELLEE | |
| | | HONORABLE STEPHEN TABOR, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## KENNETH S. HIXSON, Judge

This revocation case is back before us, having previously been remanded to settle and supplement the record. *See Nixon v. State*, 2024 Ark. App. 389 (*Nixon I*). Appellant Tyler Preston Nixon appeals from an October 23, 2023 sentencing order revoking his suspended imposition of sentence (SIS) and sentencing him to three years in prison. In the first appeal, Nixon's counsel filed a no-merit brief. However, after our remand, Nixon has now filed a merit brief arguing that the trial court erred in revoking his SIS because the State failed to introduce the written conditions of his SIS at the hearing, the State failed to prove he received the written conditions, and there was insufficient evidence of a violation because there is no evidence in the record of the conditions he was required to follow. We affirm.

## I. *Facts and Procedural Background*

On June 30, 2017, Nixon pleaded guilty to possession of drug paraphernalia and was placed on six years' probation. On January 22, 2021, the State filed a petition to revoke Nixon's probation alleging that he violated the conditions of probation by committing various criminal offenses; failing to report to probation; failing to pay supervision fees; and failing to pay fines, costs, and fees. On September 10, 2021, Nixon pleaded nolo contendere to the petition. On September 15, 2021, the trial court revoked Nixon's probation and entered a sentencing order sentencing him to three years in prison followed by a three-year SIS. A condition attached to the sentencing order provided, "Suspended time conditioned upon good behavior[,]" and "Any violation of the terms and conditions of this suspended sentence may result in revocation[.]" Nixon was released from prison on May 17, 2022.

On November 2, 2022, the State filed a petition to revoke Nixon's SIS. In that petition, the State alleged that Nixon violated his SIS by committing forgery and failing to pay fines, costs, and fees.

A revocation hearing was held on October 17, 2023.[1] The State presented the testimony of the alleged forgery victim, Jeffrey McRorey. McRorey testified that during a service call to his apartment while he was not present, someone whom he could not identify had stolen checks that he had placed on the top of the microwave. McRorey later discovered that $1500 had been withdrawn from his account, and his bank confirmed that one of his

---

[1]Although the State introduced a payment ledger at the hearing purporting to show nonpayment of fines, this is not pertinent to our disposition of this appeal.

checks had been cashed for that amount. McRorey stated that he did not write the check and that it was fraudulently written from his account.

Detective Craig Sharp investigated the forgery. McRorey gave Detective Sharp a copy of the forged check, which was made out to appellant Tyler Nixon in the amount of $1500 and contained the notation "window tint." Detective Sharp obtained video surveillance from the bank where the check was deposited, and the date and time confirmed that Nixon had either deposited or cashed the $1500 check. Still photographs were introduced showing Nixon at the bank window where the transaction occurred.

Nixon testified on his own behalf, and he acknowledged that he deposited the check. Nixon testified that he worked at a company called Classic Tint, which was owned by his grandmother, and that he received the $1500 check from a customer as payment for a tint job. Nixon did not ask the customer for identification before accepting the check, but he assumed the customer was the owner of the checking account. Nixon stated that he did not steal the check, nor did he make it out, and he thought the check was legitimate.

On cross-examination, Nixon stated that Classic Tint has a business account, but the check was written to him personally because the job was "kind of on a side deal." Nixon was asked whether he had a copy of an invoice for the alleged tint job, and he stated that he did not.

At the conclusion of the revocation hearing, the trial court found that Nixon's testimony was not credible and that he had violated the terms of the SIS by committing

forgery.[2]  On October 23, 2023, the trial court entered a sentencing order revoking Nixon's SIS and sentencing him to three years in prison.  Nixon timely appealed.

## II. *First Appeal*

In the first appeal, *Nixon I*, Nixon's counsel filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b)(1).  In *Nixon I*, we noted that the trial court's September 15, 2021 sentencing order that placed Nixon on a three-year SIS states in the order that the conditions of the disposition are attached.  However, the only attachment to the sentencing order in the record was a document styled "*ADDITIONAL* TERMS/CONDITIONS OF DISPOSITION." (Emphasis added.)  That document provided, "Suspended time conditioned upon good behavior[,]" and "Any violation of the terms and conditions of this suspended sentence may result in revocation[.]"  Because the attachment to the sentencing order was styled "*Additional* Terms/Conditions of Disposition," we assumed that a document containing other conditions of the SIS may exist but were inadvertently omitted from the record.  Thus, in *Nixon I*, we remanded to the trial court to settle and supplement the record.

## III. *Remand*

After our remand, the trial court settled the record and prepared a supplemental record as ordered, which was filed in this court.  The supplemental record contains the September 15, 2021 sentencing order along with the attachment styled, ADDITIONAL

---

[2]The trial court also found a violation for nonpayment of fines, but as previously stated, this is not pertinent to our disposition herein.

4

TERMS/CONDITIONS OF DISPOSITION. The supplemental record does *not* contain any additional document containing separate conditions of the SIS. However, both in the original record and in the supplemental record are the ADDITIONAL TERMS/CONDITIONS OF DISPOSITION that provide that Nixon's suspension was conditioned upon good behavior. After our remand, Nixon filed this merit appeal.

IV. *Standard of Review*

In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2025). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions to sustain the revocation. *Lee v. State*, 2025 Ark. App. 516.

V. *Discussion*

In this appeal, Nixon argues that the trial court erred in revoking his SIS because the State failed to introduce the written conditions of his SIS at the hearing, the State failed to prove he received the written conditions, and there was insufficient evidence of a violation

5

because there is no evidence in the record of the conditions he was required to follow. For the following reasons, we reject each of these arguments.

Arkansas Code Annotated section 5-4-303(a)(1) (Supp. 2025) provides that if a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life. Further, section 5-4-303(e)(2) provides that if the court suspends imposition of sentence on a defendant or places him or her on probation, the court shall give the defendant a written statement explicitly setting forth the conditions under which he or she is being released.

Nixon's first two arguments on appeal are that the trial court erred in revoking his SIS because the State failed to introduce the written conditions of his SIS at the hearing, and the State failed to prove he received the written conditions. However, neither of these arguments was raised below; therefore, under settled caselaw, neither argument is preserved for appeal. Nixon tries to couch these arguments as challenges to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). However, in *McElroy v. State*, 2024 Ark. App. 244 (and in numerous other cases), this court held that an argument that the State failed to introduce a copy of the conditions of probation or a suspended sentence is a procedural objection that must be raised before the trial court or the issue is not preserved for review. Likewise, in *McElroy*, we held that whether there is proof that a defendant received written conditions of probation or a suspended sentence is a procedural matter and not one of the

sufficiency of the evidence, and failure to raise the issue below constitutes a waiver of the issue on appeal. Although Nixon argues that the trial court's failure to require proof of the written conditions at the revocation hearing is a fundamental error subject to appellate review even in the absence of an objection below, this court has consistently held otherwise and required an objection to preserve the issue. *See McElroy, supra*; *Workman v. State*, 2022 Ark. App. 74, 640 S.W.3d 434; *Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685. Consequently, neither of Nixon's first two arguments is preserved.

Nixon's remaining argument is that the revocation was not supported by sufficient evidence because the State failed to prove the existence of written conditions that he allegedly violated. Nixon cites *Ross v. State*, 268 Ark. 189, 594 S.W.3d 852 (1980), where the supreme court held that all conditions of a suspended sentence, including any requirement of good behavior, must be in writing if the suspended sentence is to be revocable and that a revocation cannot be based on conditions that are assumed or implied. Nixon argues that the record is devoid of any evidence establishing the conditions he was required to follow, making the trial court's revocation legally insufficient.

In *Houston v. State*, 2014 Ark. App. 447, 699 S.W.3d 726, this court held that an argument that the trial court revoked a defendant's probation or SIS based on a condition not imposed is a challenge to the sufficiency of the evidence and can be raised for the first time on appeal. Therefore, this argument is preserved. However, although the argument is preserved, we conclude that it is meritless. Attached to the sentencing order that placed Nixon on the SIS was the express term, "Suspended time conditioned upon good

7

behavior[,]" and that "Any violation of the terms and conditions of this suspended sentence may result in revocation[.]"[3]  Here, the State produced evidence that Nixon deposited a stolen check into his personal checking account, and although Nixon denied wrongdoing, the trial court specifically found his testimony not credible and found by a preponderance of the evidence that he had violated a condition of the SIS by committing forgery.[4]  Because the commission of a felony violated the express condition of good behavior, we hold that sufficient evidence supports the revocation and that the trial court's decision was not clearly against the preponderance of the evidence.

Finally, we note that although it was not argued in his opening brief, in his reply brief, Nixon questions "what is good behavior" and asserts that without defined conditions, neither the trial court nor this court can know what conduct the State claims was prohibited. However, Nixon did not challenge this condition on that ground below, and he has raised this argument for the first time in his reply brief.  It is well settled that an argument cannot be raised for the first time in a reply brief.  *Pigg v. State*, 2016 Ark. 108, 486 S.W.3d 751. Moreover, we have affirmed revocations that were conditioned on good behavior where the

---

[3]This contrasts with *Houston*, *supra*, where we reversed the revocation based on an order of the trial court specifically stating that it had neither approved nor entered conditions of probation and thus no conditions of probation had been imposed.

[4]Arkansas Code Annotated section 5-37-201(a) (Repl. 2024) provides that a person forges a written instrument and commits felony forgery if, with the purpose to defraud, the person makes or completes any written instrument that purports to be the act of a person who did not authorize the act.  We observe that in Nixon's brief, he does not argue that the State's evidence was insufficient to prove he committed forgery.

defendant failed to appear at a scheduled hearing as ordered, *Dye v. State*, 2019 Ark. App. 234, 576 S.W.3d 73, and where the defendant failed to surrender himself to the sheriff's department as ordered, *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). We have no hesitation in concluding that the commission of a felony forgery violated the "good behavior" condition of Nixon's SIS.

Having reviewed Nixon's arguments on appeal, we hold that the arguments are either unpreserved or lack merit. Accordingly, the order of revocation is affirmed.

Affirmed.

WOOD and BROWN, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.